IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AMELIA CARLSEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2081-KHV |
| **PERFUME PIZAZZ, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Amelia Carlsen filed suit against her former employer Perfume Pizazz, Inc. ("PPI"). Plaintiff alleges that defendant terminated her employment in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). This matter is before the Court on Defendant's Motion For Summary Judgment (Doc. #10) filed November 22, 2005. For reasons stated below, the Court sustains defendant's motion.

On December 19, 2005, the Court granted plaintiff an extension until December 22, 2005 to file a response to defendant's motion for summary judgment. On December 27, 2005, plaintiff filed a response without leave of court and without seeking a further extension of time. Defendant now asks the Court to treat the motion for summary judgment as uncontested based on plaintiff's untimely response. See Defendant's Motion For Court To Consider Defendant's Motion For Summary Judgment As Uncontested (Doc. #16) filed December 29, 2005.

Plaintiff filed her response to defendant's motion for summary judgment five days after the deadline. Plaintiff offered no reason for her delay, and she did not seek leave of Court to file the brief out of time. Moreover, pursuant to D. Kan. Rule 6.1(d)(1), plaintiff had until January 12, 2006 to file a response to defendant's motion to consider its motion for summary judgment as uncontested. To date, plaintiff has not

responded to that motion. Absent a request by plaintiff to file her opposition brief to defendant's motion for summary judgment out of time or an explanation why she filed her brief out of time, the Court cannot find excusable neglect for plaintiff's failure to timely respond to defendant's motion for summary judgment. See D. Kan. Rule 7.4 (failure to timely file response brief shall constitute waiver of right to file brief except on showing of excusable neglect).

Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a timely response, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." By failing to file a timely response, plaintiff waived the right to file a response or to controvert the facts asserted in the summary judgment motion. Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002); see D. Kan. Rule 7.4 (failure to timely file response brief shall constitute waiver of right to file brief except on showing of excusable neglect). When deciding whether to enter summary judgment against a non-responding party, the Court cannot simply grant the motion as uncontested under D. Kan. Rule 7.4, but instead must determine whether summary judgment is appropriate under Rule 56(e), Fed. R. Civ. P. For substantially the reasons stated in Defendant's Suggestions In Support Of Motion For Summary Judgment (Doc. #11) filed November 22, 2005 and for the reasons stated below, the Court sustains defendant's motion for summary judgment.

### **Summary Judgment Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th

Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

**Factual Background**

For purposes of defendant's motion for summary judgment, the following facts are uncontroverted or deemed admitted.

On August 26, 2004, plaintiff applied with PPI to work as a part-time sales clerk at PPI's two stores in Overland Park, Kansas. On September 23, 2004, Chris Siebermorgen, PPI's operations manager, interviewed plaintiff and hired her. On September 25, 2004, before plaintiff's first scheduled shift, plaintiff completed pre-employment paperwork at PPI. Shortly after plaintiff left the store, Denise Maldonado, a PPI store manager, called Siebermorgen and told him that plaintiff had a bad attitude when she completed the paperwork and that she had objected to PPI's policy which required employees to carry only PPI-issued clear purses to and from work. Maldonado told Siebermorgen that plaintiff did not want others to see what medications that she was using. Siebermorgen told Maldonado that if plaintiff continued to object, she could put her medications in a brown paper bag or other non-transparent bag so long as the bag was inside the clear purse issued by PPI.

On September 27, 2004, Maldonado reported to Siebermorgen and Troy Smith, a PPI shareholder, that plaintiff was 30 minutes late for her first scheduled shift and that she did not have a satisfactory excuse. Siebermorgen and Smith told Maldonado to tell plaintiff that her services at PPI would no longer be needed. Siebermorgen and Smith agreed that if plaintiff could not show up on time for her first shift, she was not dependable and they did not want her to work for PPI.

Plaintiff alleges that defendant terminated her employment because of her disability.

**Analysis**

Defendant argues that it is entitled to summary judgment because plaintiff cannot show that she

suffered a disability as that term is defined under the ADA. Under the ADA, plaintiff bears the initial burden of establishing a prima facie case of discrimination. To do so, plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) she was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) she was discriminated against because of her disability. Butler v. City of Prairie Vill., Kan., 172 F.3d 736, 747-48 (10th Cir. 1999).

Defendant argues that plaintiff is not "disabled" within the meaning of the ADA. Under the ADA, a "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); Rakity v. Dillon Cos. Inc., 302 F.3d 1152, 1158 (10th Cir. 2002). A major life activity is a "basic activity that the average person in the general population can perform with little or no difficulty." Id. (quoting Pack v. Kmart Corp., 166 F.3d 1300, 1305 (10th Cir.), cert. denied, 528 U.S. 811 (1999)). Major life activities include functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, sleeping, sitting, standing, lifting, reaching, and working." Rakity, 302 F.3d at 1158 (quoting Doyal v. Okla. Heart, Inc., 213 F.3d 492, 495-96 (10th Cir. 2000)). Plaintiff bears the burden of demonstrating that she has an impairment that substantially limits a major life activity. See Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002). In determining whether an individual is substantially limited in a major life activity, the Court considers three factors: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent long term impact, or expected permanent or long term impact of or resulting from the impairment. Id. at 196 (citing 29 C.F.R. § 1630.2(j)(2)(i)-(iii)). To be substantially limited in performing manual tasks the impairment's impact must be permanent or long term. Id. at 198.

As explained above, plaintiff did not timely respond to defendant's motion for summary judgment. In the complaint, plaintiff alleges that she has an impairment, diffuse intestinal dismotility, that substantially limits her in several major life activities including working. See Complaint (Doc. #1) ¶ 10. Plaintiff, however, has not timely offered evidence that she is "substantially limited" in the major life activity of working or any other activity. Likewise, plaintiff has not offered timely evidence that she has a record of an impairment or that defendant regarded her as having such an impairment. Because plaintiff has not timely offered evidence that she suffered a disability under the ADA, defendant is entitled to summary judgment on plaintiff's ADA claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Summary Judgment (Doc. #10) filed November 22, 2005 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's Motion For Court To Consider Defendant's Motion For Summary Judgment As Uncontested (Doc. #16) filed December 29, 2005 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's Motion For Enlargement Of Time To Reply To Plaintiff's Response To Defendant's Motion For Summary Judgment (Doc. #18) both filed December 29, 2005 be and hereby is **OVERRULED as moot**.

Dated this 21st day of February, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge