IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMELIA CARLSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2081-KHV |
| PERFUME PIZAZZ, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On February 21, 2006, the Court sustained defendant's motion for summary judgment and dismissed the case. See Memorandum And Order (Doc. #25). This matter is before the Court on plaintiff's Motion To Seal Case (Doc. #31) filed October 10, 2011. For reasons stated below, the Court overrules plaintiff's motion.

Court documents are covered by a common law right of access. Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978). The public has a fundamental interest in understanding disputes that are presented to a public forum for resolution. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In addition, the public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. See id. Court documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring non-disclosure. Nixon, 435 U.S. at 602; Crystal Grower's, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing some real and substantial interest that outweighs the presumption. See Helm v. State of Kansas, --- F.3d ----, 2011 WL 3907126, at *13 (10th Cir. Sept. 7, 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). Courts have sealed records where the movant has shown that the

records may be used to gratify private spite, to promote public scandal, to serve as reservoirs of libelous statements for press consumption or as sources of business information that might harm a litigant's competitive standing.  Nixon, 435 U.S. at 598.

In seeking to seal the entire case, plaintiff asserts that the Court included personal information about her in the order which sustained defendant's motion for summary judgment and that the order is readily available on the Internet.  On the present record, plaintiff has not shown that the interests favoring non-disclosure outweigh the public interests in access to court documents which are presumptively paramount.  See Nixon, 435 U.S. at 598-99; Crystal Grower's, 616 F.2d at 461; see also E.E.O.C. v. Nat'l Children's Ctr., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (presumption of public access especially strong as to court decrees, judgments and orders which are quintessential business of the public's institutions).  Plaintiff asserts that disclosure of the records such as the order on defendant's motion for summary judgment may be prejudicial, but potential embarrassment or prejudice by itself is insufficient to warrant sealing judicial records.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (mere fact that production of records may lead to litigant's embarrassment, incrimination or exposure to further litigation will not, without more, compel court to seal its records); Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) (district court did not abuse discretion in finding that stigma involved in disclosure of claim under Rehabilitation Act does not overcome presumption of openness in judicial proceedings).  In addition, as a claimant in federal court, plaintiff could not reasonably expect that the Court would decide her employment discrimination claim in secret.  See Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1476 (11th Cir. 1984) (when one files malpractice suit, his medical history is part of subject matter of suit and he waives claim to privilege he might have under law); Clark v. Schriro, 2007 WL 2750667, at *4 n.5

(D. Ariz. Sept. 19, 2007) (plaintiff put medical condition at issue when he filed case); see also William S. v. Lassen Cnty., No. 05-1217-DFL-CMK, 2006 WL 3388531, at *1 (E.D. Cal. Nov. 22, 2006) (plaintiff's voluntary disclosure of medical condition in administrative claim eliminates reasonable expectation of privacy in contents of that claim).[1]  Because plaintiff has not met her burden to show that the interests favoring non-disclosure outweigh the public interests in access to court documents, the Court overrules plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Seal Case (Doc. #31) filed October 10, 2011 be and hereby is **OVERRULED**.

Dated this 20th day of October, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

---

[1] The timing of plaintiff's request, some five years after the Court dismissed the case, also weighs against sealing the records.